# EXHIBIT A

93

**In the**
# CIRCUIT COURT
## of St. Louis County, Missouri

Plaintiff(s): B. Akers

vs.

Defendant(s): Medicredit

Date: 1/31/13

Case Number: 13SL-AC00152

Division: 41

For File Stamp Only

**FILED**
FEB 0 1 2013
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## CIVIL ORDER/MEMO

☐ Comes now, _____, and enters his/her appearance on behalf of Plaintiff/Defendant.

☑ Cause continued to **March 5th** at **9** a.m./p.m.

   for  ☑ Plaintiff   ☐ Defendant   ☐ Consent   ☐ Service or Dismissal

   for  ☐ Trial   ☐ Length of Trial _____ hours/days   ☐ Call Docket

**Party setting cause for trial responsible for notifying opposing party(ies).**

☐ Defendant appears in person and voluntarily enters his/her appearance.
☐ Plaintiff/Defendant requests a Change of Judge.
☐ Plaintiff/Defendant requests a Change of Venue.
☐ Plaintiff/Defendant requests a Jury Trial.
☐ Plaintiff and Defendant waive Jury Trial.
☐ Other: _____

## JUDGMENT

☐ Cause dismissed with/without prejudice at Plaintiff's costs.
☐ Cause called. Parties fail to appear. Cause dismissed with/without prejudice for failure to prosecute.

**SO ORDERED**

Attorney: J—W.C— #57112
         M Taylor STLMO 13108
Address: 3149321000
Phone No. _____ Fax No. _____

Judge/Division _____

Date _____

Attorney _____ Bar No. _____
Address _____
Phone No. _____ Fax No. _____

CCAC36a  Rev. 12/02   WHITE – File    YELLOW – Plaintiff's Attorney    PINK – Defendant's Attorney    GOLDENROD – Other



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: **JUDY PREDDY DRAPER** | Case Number: **13SL-AC00152** |
|---|---|
| Plaintiff/Petitioner: **BRANDI AKERS** vs. | Plaintiff's/Petitioner's Attorney/Address: **JAMES WINDSOR EASON** **EASON & VOYTAS, LLC** **ONE NORTH TAYLOR AVE.** **ST. LOUIS, MO  63108** **(314) 932-1066** |
| Defendant/Respondent: **MEDICREDIT INC** | Date, Time and Location of Court Appearance: **05-FEB-2013, 09:00 AM** **DIVISION 41T** **ST LOUIS COUNTY COURT BUILDING** **7900 CARONDELET AVE** **CLAYTON, MO  63105** |
| Nature of Suit: **AC Other Tort** | |

(Date File Stamp)

## Associate Division Summons

**The State of Missouri to:** MEDICREDIT INC
                             Alias:

221 BOLIVAR
CSC LAWYERS INCORPORATING
SERVICE CO - SRV
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____01072013_____                    _____
            Date                                              Clerk

Further Information:        SSM

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

                              Subscribed and sworn to before me on _____ (date).
    (Seal)
                              My commission expires: _____        _____
                                                             Date                       Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage              $_____ (_____ miles @ $._____ per mile)
Total                $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

Plaintiff/Petitioner: Brandi & Benjamin Alcorn

Date: 1/3/13

vs.

Defendant/Respondent: Medicredit, INC

Case Number: 

Division: 4|T

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff__, Requesting Party, pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Name of Process Server: Chase & Trace Rufus Harmon
Address: PO BOX 1794 Jefferson City, MO 65102
Telephone: 573-635-6690

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
Name: CSC Lawyer Inc.
Address: 221 Bolivar
City/State/Zip: Jefferson City, MO 65101

**SERVE:**

Appointed as requested:
**JOAN M. GILMER, Circuit Clerk**

By: [signature] Deputy Clerk
Date: 1/8/13

Attorney/Plaintiff/Petitioner: [signature]
Bar No. #57112
Address: N Taylor, St. MO 63108
Phone No.: 314 932 1016
Fax No.:

CCADM62   Rev. 03/06   WHITE – File   YELLOW-Special Process Server   PINK - Attorney/Petitioner

IN THE CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI
ASSOCIATE DIVISION

**BRANDI AND BENJAMIN AKERS** )
)
v. )
) Division 41 T
**MEDICREDIT, INC.** )
) 13SL-AC00152
Serve at: )
CSC Lawyers Incorporating Service Co. )
221 Bolivar )
Jefferson City, MO 65101 ) **JURY TRIAL DEMANDED**

## PETITION

COMES NOW, Plaintiffs, and for their Petition state as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by individual consumers for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

3. This is an action for tortious intrusion upon seclusion.

4. Plaintiffs demand a trial by jury on all issues so triable.

### JURISDICTION

5. This Court has jurisdiction of all claims because Defendant's tortious conduct was directed at Plaintiffs in St. Louis County, Missouri as described more fully herein.

6. Venue is appropriate because Defendant's tortious communications were directed at Plaintiffs in St. Louis County, Missouri and because Defendant's office is located in St. Louis County, Missouri.

1

## PARTIES

7. Plaintiffs are natural persons, husband and wife, currently residing in St. Louis County, Missouri. Plaintiffs are "consumers" within the meaning of the FDCPA and TCPA. The alleged debt Plaintiffs owe arises out of consumer, family, and household transactions.

8. Specifically, Plaintiffs believes the alleged debt arises out of medical services that Brandi Akers received from Barnes Hospital in St. Louis, Missouri.

9. Defendant is a Missouri corporation. At all times relevant, Defendant communicated with Plaintiff from its office in St. Louis, Missouri, including sending its collection letter from that office. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

10. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

11. Defendant's collection activity of which Plaintiffs complain occurred within the past twelve (12) months.

12. Defendant's collection activity includes numerous calls to Plaintiffs' cellular telephones and several collections letters.

13. On or about May 1, 2012, Plaintiffs received a collection letter from Defendant.

14. Defendant's letter stated that Plaintiffs owed more than $5,000 for a hospital bill.

15. At approximately the same time, Defendant began a campaign of placing a large volume of calls to each Plaintiff's cellular phone in addition to Plaintiff Brandi Akers' place of employment.

16. When Defendant calls Plaintiff Brandi Akers' place of employment, it calls the "general" number and often speaks with Plaintiff's fellow employees.

17. Upon information and belief, Defendant asks these employees to summon Plaintiff Brandi Akers and makes it known that it is collecting a debt.

18. Defendant has no legitimate reason to call third parties at Plaintiff Brandi Akers' place of employment, as Defendant has other phone numbers for Plaintiff in addition to her mailing address.

19. Defendant calls Plaintiff Brandi Akers at work to harass and intimidate her.

20. Defendant typically called Plaintiffs in "clusters" and often called Plaintiffs multiple times each day at all hours of the day.

21. Plaintiffs knew the amount Defendant was trying to collect was incorrect, as they had been working with the Hospital to reduce the bill to the correct amount.

22. On at least one occasion after May 1, 2012, Plaintiffs communicated with Defendant and told Defendant that the amount of the alleged debt was incorrect.

23. Defendant's calls did not abate or become any less frequent.

24. Eventually, by the fall of 2012, Plaintiffs had resolved the dispute about the balance due. Defendant at some point conceded that the actual balance was approximately $1,000.

25. In approximately October of 2012, Plaintiff promised to pay $50 per month on the debt and Defendant promised to stop the phone calls and other collection activity.

26. Plaintiffs did in fact make the $50 payment in October, but Defendant's calls did not abate or become any less frequent, and Defendant continued to call Plaintiff Brandi Akers' employer.

27. In mid-November of 2012, Plaintiff Benjamin Akers called Defendant.

3

28. In this November phone call, Plaintiff Benjamin Akers verified that Defendant was calling his wife's employer, and that Defendant was calling both Plaintiffs' cellular phones.

29. In this November phone call, Plaintiff Benjamin Akers explained that these tactics were upsetting and informed Defendant that it must stop calling the cell phones and the work number.

30. In this November phone call, Defendant promised to stop the calls and told Plaintiff, "If you ask us to stop, we have to stop."

31. Defendant lied to Plaintiff about stopping the calls.

32. Thereafter, Defendant's calls to Plaintiffs continued to Plaintiff's cellular phones, even though it had actual knowledge that those calls were distressing, inconvenient and expensive for Plaintiffs.

33. Within the three or four weeks after the November phone call, Defendant called Plaintiffs, to the best of their recollection, more than twenty times.

34. In this November phone call, Plaintiff Benjamin Akers wanted to know if Defendant was going to garnish Plaintiffs. Defendant responded, "That is possible."

35. Defendant's statement was a falsehood designed to pressure Plaintiffs into paying the debt.

36. Defendant had no judgment against Plaintiffs, no authority to sue Plaintiffs, and no ability to garnish Plaintiffs.

37. Defendant's behavior has been reckless, wanton, and willful.

38. Defendant has deliberately engaged in outrageous behavior to harass and intimidate Plaintiff.

39. Defendant's phone calls for Plaintiffs were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

40. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiffs'.

41. Those phone calls were made to Plaintiffs' cellular phones and he was charged for those phone calls.

42. Defendant's phone calls to Plaintiffs were made while Plaintiffs were either at home or at work.

43. Plaintiffs never entered into any agreement whereby either one of them provided express consent for Defendant to place calls to his cellular phone with Defendant's automatic telephone dialing system.

44. Even if Plaintiffs had somehow provided such prior express consent to Defendant, it was withdrawn and destroyed by the November telephone conversation.

45. Plaintiffs never entered into any agreement whereby they consented to arbitrate disputes with Defendant.

46. Defendant's above-described conduct caused Plaintiffs to suffer substantial actual damages. These damages include but are not limited to distress and anxiety at Defendant's continued attempts. Defendant's conduct made Plaintiffs feel that they were powerless to enjoy the peace and quiet of their home, and Defendant embarrassed Plaintiff Brandi Akers at work.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiffs re-allege and incorporates by reference all of the above paragraphs.

48. In its attempts to collect the alleged debt from Plaintiffs, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

5

a. Using deceptive, misleading, or unfair means to collect or attempt to collect the alleged debt, including threatening Plaintiffs with garnishment and calling Plaintiffs incessantly. 15 U.S.C. § 1692d-f.

b. Improperly communicating with third parties about the debt. 15 U.S.C. § 1692b-c.

c. Continuing to communicate with Plaintiffs after knowing that Plaintiffs no longer wished to get calls on their cellular phones or at work. 15 U.S.C. § 1692c-f.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF THE TCPA

49. Plaintiffs re-allege and incorporate by reference all prior paragraphs.

50. In its attempts to collect the alleged debt from Plaintiffs, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a. By placing non-emergency phone calls to each Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 U.S.C. § 227(b) (1) (A) (iii).

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

6

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

### COUNT III: INTRUSION UPON SECLUSION

51. Plaintiffs re-allege and incorporate by reference all prior paragraphs.

52. Defendant knew, at least after the November, 2012 phone call, that it did not have consent to call Plaintiff's cellular numbers.

53. Defendant knew it was calling Plaintiffs at those numbers.

54. Defendant knew that Plaintiffs had a reasonable expectation of privacy from its repeated telephone calls, especially after Plaintiffs revoked consent to be contacted by phone.

55. Nonetheless, Defendant continued to call and harass Plaintiffs.

56. Defendant's intrusion by telephone contact was unreasonable or highly offensive to any reasonable person.

57. Defendant's intrusion caused Plaintiffs to suffer actual damages including anxiety, sleeplessness, and worry as described above.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct constitutes intrusion upon seclusion;

B. Injunctive relief that Defendant no longer be allowed to call Plaintiff;

C. Actual damages in an amount to be determined at trial;

D. Punitive damages in the largest amount allowable by law to fully and fairly punish Defendant; and

E. For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

_____
JAMES W. EASON, #57112MO
RICHARD A. VOYTAS, #52046MO
Eason & Voytas, LLC
One North Taylor Avenue
Phone: (314) 932-1066
Fax:    (314) 667-3161
Email: james.w.eason@gmail.com
         rickvoytas@gmail.com

I certify and attest that the above is a true copy of the original record of the Court in case number __13SL-AC00152__ as it appears on file in my office.

Issued

__2-8-2013__



**JOAN M. GILMER,** Circuit Clerk
St. Louis County Circuit Court

By _Sondra Crump_
Deputy Clerk

CCOPR36   Rev. 06/00